**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCELA ESTHER VICENTE-SAZO, | Case No. 26-cv-02029-BAS-VET |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |
| CHRISTOPHER J. LAROSE, *et al.*, | |
| Respondents. | |

Petitioner Marcela Esther Vicente-Sazo filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting release from immigration custody or a bond hearing. (ECF No. 1.) The Government opposes (ECF No. 4), and Petitioner files a Traverse (ECF No. 5). For the reasons stated below and following oral argument on April 24, 2026, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 14 days.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It

- 1 -

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a Guatemalan citizen, was apprehended upon arrival in the United States on March 23, 2021. She was held for 15 days and then, inexplicably, she was released into the interior of the United States. At the hearing on this matter, neither attorney seemed to understand why she was released, but it appears she was not released on bond or parole and was not required to report to immigration or file any follow-up documentation. She was just released to live her life in the United States. On January 26, 2026, she was detained by Immigration and Customs Enforcement ("ICE") for being in the United States without proper documentation. The Government argues her initial detention in 2021 means she is mandatorily detained under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Central District of California certified a class of which Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). The case essentially overruled *Yajure Hurtado.* Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual arrested and living in the interior of the United States is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).

The fact that Petitioner was detained at the border in 2021 does not convert this case to one where the individual was apprehended upon arrival, because she was actually released with no conditions attached and allowed to continue to live freely in the United

26cv2029

States for nearly five years.  Therefore, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

## III.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Marcela Esther Vicente-Sazo (A# 221-486-454) within 14 days of the date of this Order.  The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2029